IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  05-cv-02066-WDM-PAC

KEVIN BLANKENSHIP,

    Applicant(s),

v.

AL ESTEP, et al.,

    Respondent(s).

---

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Patricia A. Coan, United States Magistrate Judge

    This is a habeas corpus proceeding filed by state prisoner Kevin Blankenship under 28 U.S.C. §2254. Respondents filed an Answer on January 17, 2006.  Applicant filed his Traverse on April 6, 2006.  A February 1, 2006 Order of Reference under 28 U.S.C. §636(b) referred this case to the undersigned to issue a recommendation on disposition.

I.

    Applicant Kevin Blankenship was convicted by an Adams County District Court jury in December 1997 of multiple counts of first degree murder, second degree kidnapping, aggravated robbery, and other crimes.  He is serving a sentence of life imprisonment without possibility of parole.  Applicant was sixteen years old at the time he committed the offenses.

    Applicant appealed his convictions on numerous grounds.  The convictions were affirmed in part and modified in part; the sentences were modified in part and vacated in part.  *See People v. Blankenship*, 30 P.3d 698 (Colo.App. 2000)*.*  Applicant then filed a

state post conviction motion arguing that COLO.REV.STAT. ("C.R.S.") §19-2-511(2)(a)(III) violates the Fourteenth Amendment Equal Protection Clause because it allows the admission of statements made by a juvenile out-of-state runaway to the police during a custodial interrogation (without the presence of a parent or guardian), but provides greater Fifth Amendment protections for other juveniles. Applicant further argued that his confession was therefore obtained illegally. The Colorado Court of Appeals ("CCA") affirmed the trial court's order rejecting Applicant's equal protection challenge. *See People v. Blankenship*, 119 P.3d 552 (Colo.App. 2005). The Colorado Supreme Court denied certiorari review on August 22, 2005.

Mr. Blankenship filed his §2254 Application on October 20, 2005, asserting the same claim he raised in the state post conviction proceeding. Applicant asks this court to vacate his state criminal convictions and to order that the statements and admissions he made to the police during his custodial interrogation be deemed inadmissible in a new trial.

Applicant has exhausted his state court remedies, as required by 28 U.S.C. §2254(b)(1)(A). The §2254 Application is timely under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. 104-132, 110 Stat. 1218 (effective April 24, 1996). I address the merits of Applicant's equal protection claim below.

II.

Under the AEDPA, a federal habeas court may not grant relief on a constitutional claim adjudicated on the merits in the state courts unless the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an

unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. §2254(d)(1) and (2). In *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000), the Supreme Court held that a state court decision is "contrary to" Supreme Court precedent only when it "arrives at a conclusion opposite to that reached by this Court on a question of law," or if the state court "decides a case differently than this Court has on a set of materially indistinguishable facts." The state court decision need not cite Supreme Court cases, as long as neither the reasoning nor the result of the state court determination contradicts Supreme Court law. *Early v. Packer*, 537 U.S. 3, 8 (2002). A state court decision involves an "unreasonable application" of Supreme Court precedent if the state court "identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 407-08. An application is not unreasonable merely because the habeas court determines it to be incorrect. *Id.* at 411. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.*

The Fourteenth Amendment Equal Protection Clause requires that no States shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV, §1. The Equal Protection Clause requires that all similarly-situated individuals be treated alike. *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985). Generally, "legislation is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest. *Schweiker v. Wilson*,

450 U.S. 221, 230 (1981).  However, classifications based on race, alienage, or national origin, or which impact a fundamental right, are subjected to strict scrutiny and will be upheld only if they are narrowly tailored to serve a compelling government interest. *City of Cleburne*, 473 U.S. at 440 (internal citations omitted).  Legislative classifications based on gender also require a heightened standard of review – such restrictions must be substantially related to a legitimate government interest.  *Id.* at 440-41.

Section 19-2-511(1), C.R.S., provides that statements or admissions made by a juvenile during a custodial interrogation shall be inadmissible unless the juvenile's parent or guardian was present at the interrogation and both the juvenile and the parent received proper *Miranda* advisements.  Subsection (2)(a)(III) provides the following exception:

> Notwithstanding the provisions of subsection (1) of this section, statements or admissions of a juvenile may be admissible in evidence, notwithstanding the absence of a parent, guardian, or legal or physical custodian, if the court finds that, under the totality of the circumstances, the juvenile made a knowing intelligent, and voluntary waiver of rights and . . . [t]he juvenile is a runaway from a state other than Colorado and is of sufficient age and understanding.

Applicant was a runaway from Illinois at the time he committed the crimes in Colorado.  *People v. Blankenship*, 30 P.3d at 703.  Applicant argues that the statute violates his equal protection rights because it treats out-of-state runaways of sufficient age and understanding differently than other similarly-situated juveniles.

In the state post-conviction proceeding, the CCA assumed, without deciding, that the statute affected similarly-situated individuals in an unequal manner. *People v. Blankenship*, 119 P.2d at 555.  The court then determined that the legislative classification was subject to rational basis review because it did not burden a suspect class or a

4

fundamental right. *Id.* The court concluded that the statute did not "diminish Fifth Amendment protections" because it expressly requires that an out-of-state runaway's statements are not admissible at trial unless he made a valid waiver of his *Miranda* rights. The CCA referenced the earlier *Blankenship* decision in which a different panel of the court found that Applicant was given a proper *Miranda* advisement and that he waived his right to remain silent or to have an attorney present. *See People v. Blankenship*, 30 P.3d at 702-704.[1] The CCA further noted in the state post conviction proceeding that the United States Supreme Court has not interpreted the Fifth Amendment to require that a juvenile's parent or legal guardian be notified prior to obtaining a *Miranda* waiver. *See Fare v. Michael C.*, 442 U.S. 707, 723-27 (1979)(declining to hold that waivers of *Miranda* rights by juveniles in the absence of a friendly adult are *per se* involuntary). *Blankenship*, 119 P.3d at 555.

The CCA rejected Applicant's equal protection challenge because Applicant failed to show that the disparate treatment did not bear a rational relationship to a legitimate legislative purpose or governmental objective. 119 P.3d at 556. The CCA made the following finding:

> The General Assembly could have determined that juveniles who reside in this state should be treated differently from those who enter from another because the parents, guardians, or custodians of in-state runaways presumably live within the State of Colorado and therefore reside in closer proximity to the location of the arrest. As a result, they can be contacted more easily and be present for the interrogation with less difficulty.

---

[1] Applicant has not challenged the Court of Appeals' determination of that claim in this federal habeas corpus proceeding. *See* Traverse, at 1-2.

*Id.* at 556.

The CCA was not persuaded by Applicant's argument that the classification was irrational because in some cases, the parent or legal guardian of an out-of-state runaway may be closer in proximity to the arrest of a juvenile than the parent or guardian of an in-state runaway.  *Id.*  The CCA found it reasonable for the Colorado General Assembly to conclude that in most cases, the parents or guardians of out-of-state runaways would be more difficult to contact and would have to travel a greater distance.  *Id.*  The CCA concluded that the classification was rationally related to the state's legitimate interest in conducting effective and timely police interrogations as part of the investigation process. *Id.* The court reasoned that the statute relieves the police of the burden of locating an out-of-state resident and then waiting for the additional travel time which would be required in most cases before interrogation could begin.  *Id.*

I recommend finding that the CCA's decision in *People v. Blankenship* was not contrary to, or an unreasonable application of, applicable Supreme Court law. Mr. Blankenship has not demonstrated that §19-2-511(2)(a)(III), C.R.S., implicates a suspect class or burdens a fundamental right.  Age is not a suspect class.  *See Gregory v. Ashcroft*, 501 U.S. 452, 470 (1991).  The CCA held correctly that the statute does not burden a fundamental right under *Fare*.

A legislative classification that does not implicate a suspect class or involve fundamental rights does not violate equal protection if "there is a rational relationship between the disparity of treatment and some legitimate governmental purpose." *Heller v. Doe*, 509 U.S. 312, 320 (1993)(citing *Nordlinger v. Hahn*, 505 U.S. 1, 11 (1992)).  The

State need not "`actually articulate at any time the purpose or rationale supporting its classification.'" *Heller*, 509 U.S. at 320 (citing *Nordlinger*, 505 U.S. at 15). Instead, the party challenging the legislation bears the burden to show that there are no "'reasonably conceivable state of facts that could provide a rational basis for the classification.'" *Heller*, 509 U.S. at 320 (quoting *FCC v. Beach Communications, Inc.*, 508 U.S. 307, 313 (1993)); *see, also, Tuan Anh Nguyen v. INS*, 533 U.S. 53, 77 (2001)(recognizing that rational basis review "permits a court to hypothesize interests that might support legislative distinctions, whereas heightened scrutiny limits the realm of justification to demonstrable reality). Moreover, a classification does not fail rational basis review just because some applications result in inequality. *See Heller*, 509 U.S. at 321 (citations omitted). Finally, as discussed above, a statute is presumed to be constitutional. *Lenhausen v. Lake Shore Auto Parts Co.,* 410 U.S. 356, 364 (1973).

The CCA's opinion articulates legitimate state interests which could support a rational basis for the differential treatment between in-state and out-of-state runaways which have not been refuted by the Applicant. Nothing more is required. Accordingly, it is

**RECOMMENDED** that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. §2254, filed by Kevin Blankenship on October 20, 2005, is **DENIED**. It is

**FURTHER RECOMMENDED** that the §2254 Application be **DISMISSED WITH PREJUDICE.**

**Within ten days after being served with a copy of the proposed findings and recommendation, any party may serve and file written objections to the proposed**

**findings and recommendation with the Clerk of the United States District Court for the District of Colorado. The district judge shall make a de novo determination of those portions of the proposed findings or specified recommendation to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the proposed findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.**

**Failure to make timely objections to the magistrate judge's recommendation may result in a waiver of de novo review of the recommendation by the district judge and may also waive the right to appeal from a judgment of the district court based on the findings and recommendations of the magistrate judge.**

Dated September 26, 2006.

                                        BY THE COURT:

                                        s/Michael J. Watanabe  
                                        MICHAEL J. WATANABE  
                                        United States Magistrate Judge