IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
SENIOR JUDGE WALKER D. MILLER

Civil Action No. 05-CV-02066-WDM-KLM

KEVIN BLANKENSHIP,

    Applicant,

v.

AL ESTEP, Warden, Limon Correctional Facility, and
JOHN W. SUTHERS, Colorado Attorney General,

    Respondents.

**ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE**

Miller, J.

This matter is before me on a recommendation of Magistrate Judge Patricia A. Coan,[1] issued September 26, 2006 (Docket No. 19), that Applicant Kevin Blankenship's "Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254" (Docket No. 3) (the "Application") be denied. Applicant filed a timely objection to the recommendation (Docket No. 22) and, therefore, is entitled to *de novo* review of the portions of the recommendation to which objection was made. 28 U.S.C. § 636(b); *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1462 (10th Cir. 1988). As Applicant is proceeding *pro se*, I must construe his pleadings liberally and hold him to a "less stringent standard." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings

---

    [1] The matter was reassigned to Magistrate Judge Kristen L. Mix on August 3, 2007 (Docket No. 28).

PDF Final

drafted by lawyers." (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972))). Having reviewed the pertinent portions of the record in this case including the Application, the answer, the traverse, the recommendation, and Applicant's objections, I find that the recommendation should be accepted as modified for the following reasons.

## Background

Applicant, a juvenile, and an accomplice kidnapped an elderly woman from a parking lot by forcing her into the trunk of her car. They later abandoned her in a rural area, tying her to concrete structure and piling heavy objects on top of her. She died from hypothermia. Over the following three days, Applicant and the accomplice ransacked the victim's house, stealing jewelry, money, and other valuables. They also stole guns from another person's garage in the same neighborhood. After his arrest, Applicant was initially questioned regarding only his age and where he lived. After he admitted that he was a sixteen year-old runaway from Illinois, Applicant was given an advisement pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966). He signed a waiver form and consented to questioning. During the subsequent questioning, Applicant made incriminating statements including telling the police where he and his accomplice had left the victim.

On jury verdicts, Applicant was convicted of first degree murder, second degree kidnapping, aggravated robbery, robbery of an at-risk adult, two counts of second degree burglary, two counts of conspiracy, criminal trespass, and theft. Applicant filed a direct appeal. The Colorado Court of Appeals (the "CCA") affirmed the convictions,[2]

---

[2] The CCA did, however, vacate two convictions under the merger doctrine, which requires that a conviction enter for only one murder count when the defendant

directed that the sentences for aggravated robbery and robbery of an at-risk adult be concurrent to each other but consecutive to the murder conviction, and remanded the case for resentencing on the second degree burglary charge for the second victim. *Blankenship*, 30 P.3d at 702.

In September 2002, Defendant filed a Colo. R. Crim. P. 35(c) motion alleging that Colo. Rev. Stat. § 19-2-511(2)(a)(III) (the "Statute"), which excepts out-of-state runaways from Colorado's statutory prohibition on questioning minors outside the presence of their parents or guardians,[3] is unconstitutional under the Equal Protection Clause and that his trial counsel was ineffective for failing to raise this argument. The CCA denied Applicant's motion, determining that the classification met the rational basis test.[4] *See People v. Blankenship*, 119 P.3d 552, 556 (Colo. Ct. App. 2005) (hereinafter *Blankenship II*).

Thereafter, on October 20, 2005, Applicant filed his application for writ of habeas

---

has been found guilty of more than one count of first degree murder and there is only one victim. *People v. Blankenship*, 30 P.3d 698, 709 (Colo. Ct. App. 2000) (hereinafter *Blankenship I*). In this case, the mittimus "erroneously reflect[ed] that defendant was convicted of extreme indifference murder, felony murder, and first degree murder." *Id.* Therefore, pursuant merger doctrine, the CCA remanded for entry of conviction of only first degree murder. *Id.*

[3] Specifically, the statute provides that statements or admissions by a juvenile during a custodial interrogation shall be inadmissible unless the juvenile's parent or guardian was present during the interrogation and both the juvenile and the parent or guardian received the proper *Miranda* advisements. Colo. Rev. Stat. § 19-2-511(1). However, the statute provides an exception when "the juvenile made a knowing, intelligent, and voluntary waiver of rights" and "[t]he juvenile is a runaway from a state other than Colorado and is of sufficient age and understanding." *Id.* § 19-2-511(2)(III).

[4] The CCA's decision on Applicant's Rule 35(c) motion is the final decision by the state courts subject to review under Applicant's habeas petition.

corpus with this Court (Docket No. 3). On September 26, 2006, Magistrate Judge Coan issued a recommendation that the application be denied (Docket No. 19). Applicant timely objected (Docket No. 22).

## Legal Standard

As Applicant filed his Application after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), that statute governs my review. *Cannon v. Mullin*, 383 F.3d 1152, 1158 (10th Cir. 2004) (citing *Rogers v. Gibson*, 173 F.3d 1278, 1282 n.1 (10th Cir. 1999)). Under the AEDPA, a district court may only consider a habeas petition when the applicant argues that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Before an application may be considered, however, the Applicant must have exhausted all available state remedies.[5] *Id.* § 2254(b). The grounds for granting a writ of habeas corpus are very limited: "a writ of habeas corpus . . . shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.* § 2254(d).

A state court decision is "contrary to" clearly established Federal law if it "'applies a rule that contradicts the governing law set forth in [Supreme Court] cases' or if it

---

[5] In this case, it is undisputed that Applicant exhausted his state remedies.

'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a different result from [Supreme Court] precedent.'" *Price v. Vincent*, 538 U.S. 634, 640 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000)).  A state court decision involves an "unreasonable application" of clearly established Federal law when "'the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the [applicant's] case.'" *Lockyer v. Andrade*, 538 U.S. 63, 75 (2005) (quoting *Williams*, 529 U.S. at 413).  "The 'unreasonable application' clause requires the state court decision to be more than incorrect or erroneous . . . . The state court's application of clearly established law must be objectively unreasonable." *Id.* (citing *Williams*, 529 U.S. at 409–10, 412).  A "'federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.'" *Id.* (quoting *Williams*, 529 U.S. at 411).  Finally, when analyzing an application, all determinations of factual issues by the State court are presumed to be correct and the Applicant has the "burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).

## Discussion

Applicant argues that he is entitled to habeas relief because the Statute, under which he made incriminating statements, violates the Equal Protection Clause of the Fourteenth Amendment.  He argues that the Statute unlawfully distinguishes between both (1) in-state runaways and out-of-state runaways and (2) out-of-state runaways who are of sufficient age and understanding and those who are not.  Magistrate Judge Coan

recommends that Applicant's petition be denied because the CCA's determination that the statute meets the rational basis test was not contrary to, or an unreasonable application of, clearly established Supreme Court law nor did it result in a decision that was based on unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d). I agree.

The Equal Protection Clause states that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV, § 1. "'Equal protection is essentially a direction that all persons similarly situated should be treated alike.'" *Trujillo v. Williams*, 465 F.3d 1210, 1228 (10th Cir. 2006) (quoting *Grace United Methodist Church v. City of Cheyenne*, 451 F.3d 643, 659 (10th Cir. 2006)); *accord United States v. Woods*, 888 F.2d 653, 656 (10th Cir. 1989) ("If the groups are not similarly situated, there is no equal protection violation."). If the groups are similarly situated, the classification must meet the appropriate standard—strict scrutiny, intermediate scrutiny, or rational basis. *See Kt & G Corp. v. Attorney Gen. of Okla.*, 535 F.3d 1114, 1137 (10th Cir. 2008); *Trujillo*, 465 F.3d at 1228. When the state legislation "operates to the disadvantage of some suspect class or impinges upon a fundamental right explicitly or implicitly protected by the Constitution", the standard is strict scrutiny. *Maher v. Roe*, 432 U.S. 464, 470 (1977); *accord Kt & G Corp.*, 535 F.3d at 1137 ("When a classification targets a suspect class or involves a fundamental right, we will apply strict scrutiny." (citing *Save Palisade FruitLands v. Todd*, 279 F.3d 1204, 1210 (10th Cir.2002))). Intermediate scrutiny "applies, for example, to gender-based classifications." *Kt & G Corp.*, 535 F.3d at 1137 (citing *Concrete Works of Colo, Inc. v. City & County of Denver*, 321 F.3d 9510, 959 (10th Cir. 2003)). "Finally, if a

classification does not target a suspect class, involve a fundamental right, or implicate immediate scrutiny, the 'the statute need only be rationally related to a legitimate government purpose.'" *Id.* (citing *Todd*, 279 F.3d at 1210). "Under rational basis review, '[t]he government violates the Equal Protection Clause when it treats someone differently than another who is similarly situated without a rational basis for the disparate treatment.'" *Id.* The rational basis test requires only that the state "'could rationally have decided that its classification might foster its purpose.'" *Id.* at 1138 (quoting *Christian Heritage Acad. v. Okla. Secondary Sch. Activities Ass'n*, 483 F.3d 1025, 1031 (10th Cir. 2007)). However, the state "need not 'actually articulate at any time the purpose or rationale supporting its classification.'" *Heller v. Doe*, 509 U.S. 312, 320 (1993) (quoting *Nordlinger v. Hahn*, 505 U.S. 1, 15 (1992)); *accord Kt & G Corp.*, 535 F.3d at 1138 ("[I]t is entirely irrelevant for constitutional purposes whether the conceived reason for the challenged distinction actually motivated the legislature."). "Under the rational basis test, the challenged legislation is presumptively constitutional, and the appellant bears the 'very difficult burden' of establishing 'that the statute is irrational or arbitrary and that it cannot conceivably further a legitimate governmental interest.'" *Grigsby v. Barnhart*, 294 F.3d 1215, 1220 (10th Cir. 2002) (quoting *United States v. Phelps*, 17 F.3d 1334, 1345 (10th Cir.1994)).

    In this case, the CCA determined that rational basis review was the appropriate standard in this case as the Statute does not implicate a suspect class nor burden a fundamental right. *Blankenship II*, 119 P.3d at 554–55. In particular, the CCA determined that although the Statute was related to the right against self-incrimination, the Statute "does not diminish Fifth Amendment protections" or "abrogate *Miranda's*

protections" but, rather "explicitly requires that a runaway juvenile's statements are not admissible unless he makes a valid waiver of his rights." *Id.* at 555. Furthermore, the CCA determined that the classification by state of residence and age, *i.e.*, juveniles, were not suspect classes. *Id.*

Then, assuming without deciding that "the classification created by § 19-2-511(2) affects similarly situated groups in an unequal manner", the CCA determined that there was a rational basis for "distinguishing between out-of-state runaways and in-state runaways." *Id.* at 556. The CCA concluded that the Colorado legislature

> could have determined that juveniles who reside in this state should be treated differently from those who enter from another because the parents, guardians, or custodians of in-state runaways presumably live within the State of Colorado and therefore reside in closer proximity to the location of the arrest. As a result, they can be contacted more easily and be present for the interrogation with less difficulty.

*Id.* The CCA further determined that "the classification is rationally related to a legitimate state interest. The state has a legitimate interest in conducting effective and timely police interrogation as part of the investigation process." *Id.* Therefore, the CCA determined that the Statute did not violate the Equal Protection Clause.

Magistrate Judge Coan concluded that the CCA's analysis of Applicant's Equal Protection claim was not contrary to, or involved an unreasonable application of, clearly established Supreme Court authority. Specifically, Magistrate Judge Coan determined that rational basis review was the applicable standard, noting that age is not a suspect class, *see Gregory v. Ashcroft*, 501 U.S. 452, 470 (1991) ("[A]ge is not a suspect classification under the Equal Protection Clause."), and the Statute does not burden a fundamental right as it is not a fundamental right to have a parent or guardian present

during *Miranda* advisements and waivers by juveniles, *see Fare v. Michael C.*, 442 U.S. 707, 723–27 (1979) (declining to hold that waivers of *Miranda* rights by juveniles in the absence of a friendly adult, *i.e.*, a probation officer, are *per se* involuntary and concluding that the totality of the circumstances approach to determining voluntariness of waiver is equally applicable to juveniles as it is to adults). Magistrate Judge Coan determined that "the CCA's opinion articulates legitimate state interests which could support a rational basis for the differential treatment between in-state and out-of-state runaways which have not been refuted by the Applicant. Nothing more is required." (Rec., Docket No. 19 at 7.)

Applicant objects to this recommendation by essentially setting forth the same arguments as he presented in his Application and traverse. He argues that strict scrutiny should apply because "the classification . . . effected [sic] the applicants [sic] right not to be compelled to be a witness against himself." (Obj., Docket No. 22 at 2.) Although Applicant is correct in noting that Colorado is constitutionally required to employ measures to protect the privilege against self-incrimination, *see Miranda*, 384 U.S. at 467 (requiring the articulated *Miranda* safeguards unless another procedure is "at least as effective in apprising accused persons of their right of silence and in assuring a continuous opportunity to exercise it"), it is not constitutionally required that a parent or guardian be present during a custodial interrogation and *Miranda* advisement, *see Fare*, 442 U.S. at 725 (concluding that the standard for adults, totality of the circumstances, is applicable to determining if a juvenile waived his *Miranda* rights). Indeed, the classification which Applicant complains about implicates only the portion of the Statute that goes beyond what is constitutionally required by *Miranda*. Therefore, I

agree with Magistrate Judge Coan that the CCA's determination that rational basis review was the applicable standard was not contrary to, or an unreasonable application of, clearly established federal law.

Applicant further argues that the classification he is complaining about is not the in-state versus out-of-state runaways but out-of-state runaways who "are of sufficient age and understanding" versus out-of-state runaways who are not "of sufficient age and understanding."[6]  Although Magistrate Judge Coan did not directly address this argument, I conclude that the CCA's decision is not contrary to or an unreasonable application of clearly established Supreme Court precedent.  First, I note that the CCA directly addressed Applicant's argument that "juveniles should warrant a special classification . . . because their adolescent brains are undeveloped" and determined that the argument lacked "support in the law and on the record."  *Blankenship II*, 119 P.3d at 555.  Furthermore, the inclusion of such a classification in the statute is rationally related to the state's legitimate interest in complying with the constitutional requirements of *Miranda* by only taking statements from those who are capable of voluntarily waiving their *Miranda* rights.  Finally, I conclude Applicant's argument that the classification does not provide sufficient specificity does not provide a basis on which habeas relief may be granted as the standard is sufficiently similar to the standard for obtaining voluntary waivers which is well-known in by law enforcement.  *See Fare*, 442 U.S. at 725 ("The totality-of-the-circumstances approach is adequate to determine whether

---

[6]  To the extent that Applicant is also complaining about the classification based on state of residence, I agree with Magistrate Judge Coan that the CCA articulated a rational relationship between the classification and legitimate state interests.  Therefore, habeas relief is not warranted on this ground.

there has been a waiver even where interrogation of juveniles is involved. . . . The totality approach permits -- indeed, it mandates -- inquiry into all the circumstances surrounding the interrogation. This includes evaluation of the juvenile's age, experience, education, background, and intelligence, and into whether he has the capacity to understand the warnings given him, the nature of his Fifth Amendment rights, and the consequences of waiving those rights." (citation omitted)). Therefore, I conclude that Applicant is not entitled to habeas relief.

Accordingly, it is ordered:

1. The recommendation of Magistrate Judge Coan (Docket No. 19) issued September 26, 2006 is accepted as modified.

2. Applicant Kevin Blankenship's "Application for Writ of Habeas corpus Pursuant to 28 U.S.C. § 2254" (Docket No. 3) is denied.

3. This case is dismissed with prejudice.


DATED at Denver, Colorado, on November 18, 2008.
					BY THE COURT:


					s/ Walker D. Miller
					United States Senior District Judge